IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NANYA-AMIR EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-CV-635-O |
| ) | ECF |
| UNITED STATES POSTAL SERVICE ) | |
| and POSTMASTER GENERAL, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is the October 24, 2008, Findings, Conclusions and Recommendations ("Recommendation") of the United States Magistrate Judge (Doc. # 10). The Court also has before it Plaintiff's Objection to the recommendation[1] ("Pl's Obj.") (Doc. # 11) filed November 10, 2008.

Having independently reviewed the applicable law, the recommendation, the Plaintiff's objection to the recommendation, the Court affirms the Magistrate Judge's recommendation for the reasons set forth below.

The Magistrate Judge recommended that this action be dismissed for want of prosecution, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, because Plaintiff failed to comply with an order of the Court. Specifically, the Magistrate Judge found that Plaintiff did not answer the Court's Questionnaire seeking additional information regarding Plaintiff's claims

---

[1] Plaintiff's objections consist of correspondence mailed to the Court objecting to the Magistrate's Recommendation. The Court liberally construes Plaintiff's correspondence as filed objections. *See Carmon v. Lubrizol Corp.*, 17 F.3d 791 (5th Cir.1994) (observing that general practice of the Fifth Circuit is to liberally construe a *pro se* party's briefs).

1

within 30 days, after notice that failing to respond in a timely manner could result in dismissal of the case. *See* Recommendation at 1.

The Court reviews a party's challenge to the decision of a Magistrate Judge in a dispositive matter pursuant to Rule 72(b) of the Federal Rules of Civil Procedure. Rule 72(b) requires that objections to the Magistrate Judge's recommendation on a dispositive motion be "specific written objections." *See* FED. R. CIV. PRO. 72(b). The objections must specifically identify those findings or recommendations which the party wishes to have the district court consider. *Thomas v. Am*, 474 U.S. 140, 151 (1985); s*ee also, Parker v. Cain*, 445 F. Supp. 2d 685, 689 (E.D. La. 2006) (. . . the failure to pinpoint those portions of the magistrate judge's report that the district court must specifically consider bars the party from a de novo determination by the district judge of an issue covered in the report). A district court need not consider "frivolous, conclusive, or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)).

In the present case, the Court has conducted a *de novo* review of Plaintiff's objections. *See* FED. R. CIV. PRO. 72(b)(3). The Court concludes that Plaintiff has failed to identify any evidence of complying with the Magistrate Judge's instruction to answer the propounded interrogatories. Absent such evidence, the Court is left to determine that Plaintiff did not obey the Order of the Magistrate Judge. Moreover, Plaintiff has yet to provide the Court with the answers to interrogatories.

In addition to Plaintiff's failure discharge his burden in objecting to the Magistrate Judge, the Court reviews whether dismissal pursuant to Rule 41(b) is appropriate. The Fifth Circuit has outlined factors where "dismissals with prejudice will be affirmed only on a showing of …

contumacious conduct by the plaintiff ... and where lesser sanctions would not serve the best interests of justice.'" *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006), *citing Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982). Contumacious conduct, according to the Fifth Circuit, occurs where a party exhibits a "stubborn resistance to authority" and not merely "a party's negligence-regardless of how careless, inconsiderate, or understandably exasperating. . . ." *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988) (*citing John v. State of La.*, 828 F.2d 1129, 1131-32 (5th Cir. 1987)). A district court, then, must demonstrate "that lesser sanctions would not prompt diligent prosecution." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

In the present case, Plaintiff's continued unwillingness to comply with orders of the Court constitutes the type of stubborn resistance contemplated in *McNeal*. Accordingly, the Court finds that Plaintiff's failure to comply with the Court's instructions constitutes contumacious conduct. Secondly, lesser sanctions have not prompted Plaintiff to promptly prosecute this case. *See Rogers v. Kroger Co.*, 669 F.2d at 322. (noting that explicit warnings are a "preliminary means or less severe sanction that may be used to safeguard a court's undoubted right to control its docket"). The Magistrate Judge explicitly warned Plaintiff that a failure to respond to the questionnaire in a timely manner could result in dismissal. In light of the record of delay and the explicit warnings provided to Plaintiff, it appears that this conduct justifies dismissal with prejudice. However, the Court determines, out of an abundance of caution, that dismissal without prejudice pursuant to Rule 41(b) is appropriate.

After a de novo review of Plaintiff's objections, the Court concludes that the Magistrate Judge was factually and legally correct in his analysis and the Plaintiff's objections are without

merit. Accordingly, it is ORDERED that the Magistrate Judge's Findings, Conclusions and Recommendation should be and hereby is ADOPTED. It is FURTHER ORDERED that this case be DISMISSED without prejudice pursuant to FRCP 41(b).

                                                                Reed O'Connor
                                                                UNITED STATES DISTRICT JUDGE